A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| Marvin Glenn Deal | #99085 |
|---|---|
| Plaintiff | Inmate Number |

VERSUS

Gov. John Edwards / Secretary James M. Le Blanc Department of Public Safety and Correction / In Division of Probation, Parole and Boards of Pardons; Chairman Sheryl Ranatza, Executive Director Francis Abbott--- et al. Angola Prison Admin. Wardens and employees et al.

(Enter above the full name of each defendant in this action.)

RECEIVED
JAN 03 2021
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

Electronic Filing Pilot Program
  In accordance with the Procedural Rules for Electronic Filing Pilot Project, General Order 2012-01, inmates who reside in or are transferred into Louisiana Department of Corrections facilities participating in the Electronic Filing Pilot Program shall receive orders, notices and judgments by Notice of Electronic Filing ("NEF").

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983.

  The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same**.

  In order for this complaint to be filed, it must be accompanied by the filing fee of $400.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

  If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, <u>DO NOT INCLUDE EXHIBITS</u>.

Submit the complaint and pauper affidavit to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.   Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?   Yes ( )  No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
   Plaintiff(s): _____
   _____

   Defendant(s): _____
   _____

2. Court (if federal court, name the district; if state court, name the parish):
   _____
   _____

3. Docket number: _____

4. Name of judge to whom case was assigned: _____
   _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
   _____
   _____

6. Date of filing lawsuit: _____
7. Date of disposition: _____

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
   Yes ( )     No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
_____
_____

II. Place of present confinement: _Louisiana Penitentiary, Angola, LA 70712_

A. Is there a prisoner grievance procedure in this institution?
   Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. _LSP-2018-2183/LSP-2018-2302/ARP 2018-2193 and others rejected /DB Court LSP-2020-0324_
2. What steps did you take? _(ARP) Administrative Remedy Procedure (CARP) Correctional Administrative Remedy Procedure, for the DB Court was falsify write up and ARPs rejected/ARP first before this and after._

3. What was the result? _All denied and rejected and Plaintiff would have to explain how both actions relate to same Complaint!_

D. If your answer is No, explain why not: _____
_____

III. Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) _Marvin G. Deal #99085_
   Address _Louisiana State Penitentiary/Oak Unit Dorm 1/Angola, LA 70712_

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant <u>Wardens Joseph Lamartinlere, Dorrel Vannoy, Tracy Folgon</u> is employed as <u>Wardens or ex-Wardens as present Warden Tim Hooper</u> at <u>Angola, LA (LSP) Louisiana State Prison / Administration, DB Court Major Franklin</u>,

C. Additional Defendants: <u>Two John Doe Classification officers/ex-employee Dashonda Womack, Gov. Edwards in capacity to DOC Secretary James Le Blanc Parole and Pardon Boards members Chairman Sheryl Ranatza Executive Director Francis Abbott..et al. All defendants as individuals and in their officials capacity.</u>

IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Between July and August of 2018, Deal was move from Camp-C to the Main Prison for NOBTs Bible College, in studying reasons for Master Degree Program. Employee Sgt. Dashonda Womack at that time worked the West Yard Gate. Numerous times around 7:00 AM this Sgt. were always making sarcastic remarks to Deal as being a NOBTS student on his way to our Campus College. Example of one reason, "You got a East Yard mentality," Deal said, "No" I came from Camp-C, and was not told West Yard Bible College students could not have a book sack for School." Not even only a clear see through one to go through West Gate." From this time on, She would pick Deal out among other prisoners passing through West Gate. Until this become a form of harassments. This cause Deal to file informal ARP 8/13/18, and this turn into Formal ARP
(Continue on Attach Sheets)

## ATTACH SHEET (1)

and was final 3/2/21, as denied in both Steps, and final by DOC Secretary LSP-2018-2183; although time frame claim back log....etc. She falsified write up on Deal said 8/31/18, there is no record to Deal as require in Admin., question of screening write up for her Reprisal against Deal as the write up outside the Admin. guideline as the records would reflect.

The DB Court were held by Security/Correctional Officer Major Franklin, and (1) John Doe Classification Officer on 9/6/18. Deal was psychological coerced to take a plea bargain without a statement, for Maj. Franklin off record stated, "He going to find me guilty anyway base on the write up." He denied Deal inmate assistant counsel, that the write up need to be dismissed.

Instead of DB Court Appeal, for falisfy report and no DOC Secretary Appeal, for sentence (Verbal Reprimand), Deal numerous filed ARP for Sgt. Womack abuse and wrongful conduct authority in office violations. Numerous times it was rejected, until Warden Tracy Falgot denied and reject it LSP-ARP-2018-2193. Also violations Deal never received a copy of this write up until 12/9/19; by another (2) John Doe Classification Officer.

He call for Deal From his Dorm 2 on Pine Unit, to come to Main Prison Head Classification Office. He did not explain what the Pardon Board refer to cancel Deal Pardon Hearing Schedule 12/16/19, as Fax it to Classification 12/9/19. Instead what Board refer, he made disappointment statement, "this a heart breaker," without assess any information as Board referred the WRITE UP cause it cancel.

Then Deal filed a copy of his first received write up

ATTACH SHEET (2)

and a DB Court Appeal on it January 2, 2019 and Finally review was granted 11/20/20. Yet, Warden Lamartiniere fabricated a false decision to the write up approve 11/25/20, on his decision LSP-2020-0324, stated, "Deal was sentence 20 days disciplinary segregation and 30 days forfeiture of good time, contrary to write up sentence impose only Verbal Reprimand.

Numerous times this write up and Appeal were petition to DOC Secretary LeBlanc as present no respond to Appeal CARP LSP-2020-0324. It is CARP for Deal lost the require payment $150.00 (one hundred and fifty dollars) for Scheduled Pardon Board Hearing moreso not only DOC Deal address numerous time petition Pardon Board Chairman Sheryl Rangtza from 4/23/19, before the Board Schedule Deal Hearing until last respond he receive from Board Pardons 7/11/21.

Nothing in the Pardon Board Application state a prisoner can/will lose his entitlement right to a investigation conference, which is a requirement before the Pardon Board Schedule a Hearing the investigation/conference must be complete. Which the Pardon Board members Fail to do, causing loss of Deal $150.00 entitlement to investigator Conference.

Neither of these officials DOC/Pardon Board respond concerning Deal $150.00 for he had no investigation conference. The LSP Angola Prison Master log book in Admin., would reflect Parole and Pardon Board Executive Director Francis Abbott on 12/9/19, he were escorting visitors around during the hours Deal receive fax copy of Pardon Board

ATTACH SHEET (3)

cancel/denial Deal Schedule Hearing. Director Abbott, was present by Deal this write up, as Deal explain the wrongful illegal and falsity instead of looking for truth that may could assist Deal, he stated, "Security can write you up for anything as Security." To keep from argument I left. This is unprofessional on behalf of his employment.

This kind of unprofessional cause prejudice and bias for any prisoner chance of Pardon/Parole... etc.
This suit action should be cognizable for these state officials are unethical/misconduct of their authority power in color of these state offices profession is to see prison/Admin./DOC/ Pardon Board and Parole Board operate justly and smooth for Correctional Public Safety of Louisiana and their prisons.

Their action are questionable by their concert of conceal, falsified, shield, and taking Deal 150.00 for he was entitle and not to be deprive from this impairing obligation. Although Gov. Edwards is not a direct defendant, but his respond to Deal petition to him 5/8/20, is question of government conduct, for Deal complaint about his ARPs and CARPs are not being service to his institutionalize person needs and protections.

Gov. Edwards respond was misgovernment conduct on 5/8/20, for all other Gov. before him consult these Wardens of Angola Prison. His respond put Deal back into jeopardy of these corrupt officials, without proper State Gov. Administration Service to correct any possible problem. For Gov. Edwards appointed DOC Secretary and Pardon Board members.
If Gov. Edwards in his individual and capacity not at

ATTACH SHEET (4)

Gov. mis conduct, then he should allow the State to accept this suit action. For Deal was injury even if a Pardon Board Hearing is not a expectation right, still it is a hearing loss with possible hope as it was violated to loss. That he is injured by take money of $150.00 and suffer by unprofessional DOC/Prison Administration/Pardon Board.

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. Relief of 10,000 dollars can be granted he loss (1) Pardon Board Hearing (2) Suffer double standard wrong of Prison Admin. Disciplinary attribute loss of hearing (3) taking 150.00 entitlement property. He deserve all compensation, punitive, nominal, damages No less than Deal 150.00 and dismiss wrongful write-up and another Pardon Board Hearing with Defendants/State paying Court Cost...etc.

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

4. I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this 29th day of December, 2021.

Marvin G. Deal

*Marvin Deal*
Signature of plaintiff(s)